IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KHARY JAMAR BROYLES,**

        Petitioner,

v.                                               **Civil Action No. 1:11cv150**
                                                    **(Judge Keeley)**

**KUMA J. DEBOO, Warden,**

        Respondent.

### REPORT AND RECOMMENDATION THAT PETITION UNDER 28 U.S.C § 2241 BE DENIED

### I. INTRODUCTION

On September 22, 2011, the *pro se* petitioner, Khary Broyles, an inmate at FCI Gilmer, filed a petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking credit for time served from January 2, 2008 to February 4, 2009, for a total of 397 days. By Order dated September 30, 2011, the petitioner's application to proceed *in forma pauperis* was granted; however, the petitioner was required to pay the $5.00 filing fee. On October 19, 2011, the petitioner paid the filing fee, and on November 2, 2011, an Order to Show Cause was issued against the respondent. On November 23, 2011, the petitioner filed a Motion to Dismiss, Motion for Summary Judgment and Response to the Show Cause Order. On November 29, 2011, a <u>Roseboro</u> Notice was issued. On November 29, 2011, the petitioner filed his response in oppositions to the respondent's motion.

### II. FACTS

On April 20, 2007, the petitioner's parole was revoked by the state of Michigan, and he was taken into custody. (Dckt. 15-3, p.2). On August 28, 2007, the petitioner was transported by the United States Marshall Service ("USMS"), to appear in federal court on a Writ of Habeas

Corpus Ad Prosequendum. (Dckt.# 15-4, p. 1). He was returned to state custody on September 14, 2007; released to the USMS again on Writ on February 21, 2008, for his plea hearing and returned to the State on March 14, 2008; and then released to the USMS on Writ on July 9, 2008, to appear in federal court for sentencing. (Id.). On July 10, 2008, the petitioner was sentenced in the Eastern District of Michigan in Case No. 07CR20381-3 to a 60-month term of imprisonment for Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance. In its Judgment, the Eastern District of Michigan recommended " credit for Federal Time served since his State Parole date of 1/2/08."(Dckt.# 2-1, p. 2). Following sentencing in federal court, the petitioner was returned to state custody on July 17, 2008, to complete his Parole Violation with the state of Michigan. (Dckt.# 15-4, p. 1).

On November 12, 2008, the petitioner was released to the USMS to commence service of his federal sentence. (Dckt. 15-5, p.1). Thereafter, the Bureau of Prisons ("BOP") prepared a sentence computation on the petitioner based on a 60-month term of imprisonment in Case No. 07CR20381-3. The sentence commenced on November 12, 2008, the date the petitioner was released from state custody. (Dckt.# 15-7, p. 2). The petitioner received no prior custody credit. (Id.). The petitioner's projected release date, via good conduct time, is April 14, 2013. (Id.).

### III. ISSUES PRESENTED

**A.** **The Petition**

The petitioner alleges that the federal judge granted him credit for time served since his State Parole date of January 2, 2008. Accordingly, he contends that, as of the date of his petition, he is entitled to 397 days of credit towards his federal sentence. The petitioner maintains that the BOP, by and through the Designation Sentence Computation Center ("DSCC"), has refused to recognize

a federal judge's recommendation and is another example of the BOP and DSCC's blatant disregard of federal judges. For relief, the petitioner requests that this court order the BOP to recalculate his credit for time served from January 2, 2008 , or reduce his sentence as seen fit.

**B.      Response to Show Cause Order**

The respondent argues that petitioner's sentence was properly calculated because his federal sentence is consecutive to his original state sentence.

**C.      Petitioner's Reply**

The petitioner alleges that he should be given credit for the time served between January 2, 2008 to November 8, 2008, because the federal sentencing judge's intent to credit him with that time is clear. Moreover, the petitioner alleges that the federal detainer acted as official federal detention for purposes of computation of his sentence and, thus, he was entitled to a nunc pro tunc designation "that the State facility to which he was returned to complete the service of his then present State Sentence, was in fact a facility (by operation of the detainer)." (Dckt.# 21, p. 2).

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. ANALYSIS

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official

5

detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") Conversely, when a federal sentencing judge does not indicate whether a defendant is to serve his federal sentence consecutively or concurrently with a previously imposed state sentence, the default position is that the federal sentence will be served consecutively because the federal sentence is one of secondary jurisdiction. See 18 U.S.C. § 3584(a); See also United States v. Saunders, 1998 WL 539482 (C.A.4 (N.C.)).

Here, the federal Court that sentenced the petitioner did not note in the Judgment and Commitment Order whether petitioner's federal sentence should run consecutively or concurrently to the state sentence petitioner was serving. (Doc. 15-2, p. 2).[1] Therefore, the Bureau of Prisons default position was to calculate petitioner's federal sentence as consecutive. Accordingly, the

---

[1]The undersigned recognizes that the the federal judgment "recommends credit for Federal Time served since his State Parole date of January 2, 2008." However, this is simply a recommendation and not a designation of a concurrent sentence. Moreover, under no circumstances can a federal sentence commence earlier than the day on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98-100 (2nd Cir. 1998). In this case, his federal sentence was imposed on July 30, 2008.

petitioner's federal sentence was appropriately calculated in accordance with 3584(a) to run consecutive to his state sentence.

Furthermore, the mere fact that a state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908 at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3585 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention

7

prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

The time for which the petitioner is requesting credit was credited to his state sentence. Because petitioner was merely "loaned" to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*, Michigan retained primary custody over petitioner. Because the petitioner cannot receive double credit, petitioner is not entitled to any further credit against his federal sentence before November 12, 2008, the date he was released from state custody. Accordingly, petitioner has already received the maximum credit to which he is entitled under 18 U.S.C. § 3585(b).

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss, Motion for Summary Judgment (Dckt.# 14) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: February 9, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE