IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KHARY JAMAR BROYLES,

       Petitioner,

v.                  //      CIVIL ACTION NO. 1:11CV150
                                  (Judge Keeley)

KUMA J. DEBOO,

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the 28 U.S.C. § 2241 petition filed by Khary Jamar Broyles. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**I.**

On September 22, 2011, the pro se petitioner, inmate Khary Jamar Broyles ("Broyles"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) seeking credit for time served between January 2, 2008 and February 4, 2009 while in the custody of the State of Michigan. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On November 23, 2011, the respondent, Kuma Deboo ("Deboo"), filed a Motion to Dismiss, Motion for Summary Judgment, and Response to Order to Show Cause. (Dkt. No. 14). Thereafter, the

BROYLES v. DEBOO                                          1:11CV150

ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge issued a <u>Roseboro</u> notice to the petitioner, and Broyles filed a response in opposition to the respondent's motion on November 29, 2011.

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on February 10, 2012, in which he recommended that Deboo's motion to dismiss be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. (Dkt. No. 38). Magistrate Judge Kaull determined that the time for which Broyles is requesting credit was credited to his state sentence and, thus, cannot be applied toward his federal sentence.

Broyles filed timely objections to Magistrate Judge Kaull's R&R on February 24, 2012. (Dkt. No. 24). He argues that the Court should construe his federal sentence as concurrent to his state sentence, which would render him eligible to receive credit for time served in Michigan's custody via a <u>nunc</u> <u>pro</u> <u>tunc</u> designation. After conducting a <u>de</u> <u>novo</u> review, the Court concludes that Broyle's objections are without merit.

**II.**

On August 28, 2007, while Broyles was serving a parole revocation sentence in the custody of the State of Michigan, the United States Marshal Service ("USMS") transported him to a federal court appearance in the United States District Court for the

2

BROYLES v. DEBOO                                          1:11CV150

ORDER ADOPTING REPORT AND RECOMMENDATION

Eastern District of Michigan pursuant to a writ of habeas corpus <u>ad prosequendum</u>. Thereafter, the USMS transported Broyles between federal and state custody several times for various court appearances until July 10, 2008, when Broyles appeared in federal court for sentencing.[1] Throughout this time, Michigan retained primary jurisdiction over Broyles, who was "merely 'on loan' to federal authorities." <u>See</u> <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir. 1992).

The district court sentenced Broyles to sixty (60) months of incarceration and recommended "credit for Federal Time served since his State Parole date of 1/2/08."[2] (Dkt. No. 2-1 at 2). After sentencing, Broyles returned to state custody, where he remained until completing his parole revocation sentence on November 12, 2008. (Dkt. No. 15-5 at 1). On that date, Michigan released him into the custody of the United States Bureau of Prisons ("BOP") to commence his federal sentence. The BOP determined that Michigan had

_____

[1] The Court notes, <u>sua sponte</u>, that the defendant's transfer between federal and state custody did not implicate the "anti-shuttling" provisions of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. app. 2, § 2, because a writ of habeas corpus <u>ad prosequendum</u> is not a detainer for purposes of the IADA. <u>United States v. Mauro</u>, 436 U.S. 340, 361 (1978).

[2] The sentencing court apparently intended to ensure that Broyles received credit for any time served in federal custody after he completed his parole violation sentence. Broyles did not complete that sentence on January 2, 2008, however, but rather on November 12, 2008. (Dkt. No. 15-5 at 1).

BROYLES v. DEBOO                                         1:11CV150

ORDER ADOPTING REPORT AND RECOMMENDATION

attributed all of Broyles' time served up until November 12, 2008
to his state sentence, so the BOP did not credit any time toward
his federal sentence. (Dkt. No. 15-7 at 2). Accordingly, Broyles'
sixty-month sentence commenced on November 12, 2008.

Broyles contends that the sentencing court's recommendation
obligated the BOP to credit him 397 days for the time he served
between January 2, 2008 and February 4, 2009.[3] Although he does not
dispute that his incarceration during that time applied toward his
state sentence, Broyles argues that the BOP should have construed
the district court's recommendation as imposing a concurrent
sentence, granted him a <u>nunc pro tunc</u> designation, and effectively
run his federal sentence concurrent to his state sentence starting
on January 2, 2008.

### III.

The computation of federal sentences is solely within the
purview of the BOP. <u>United States v. Wilson</u>, 503 U.S. 329, 335
(1992). Pursuant to 18 U.S.C. § 3585(a), a federal sentence
commences "on the date the defendant is received in custody
awaiting transportation to, or arrives voluntarily to commence
service of sentence at, the official detention facility at which

---

[3] The BOP committed Broyles to Federal Correction Institute Gilmer in
Glenville, West Virginia on February 4, 2009, but his federal sentence
actually commenced on November 12, 2008. Therefore, the BOP has already
applied the time between November 12, 2008 and February 4, 2009 toward
Broyles' sentence.

4

BROYLES v. DEBOO                                          1:11CV150

ORDER ADOPTING REPORT AND RECOMMENDATION

the sentence is to be served." Thus, "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." United States v. Eans, 159 F.3d 908, 911 (4th Cir. 1998).

Under certain circumstances, the Attorney General or the BOP has the discretion to enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody, 18 U.S.C. § 3621(b); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). This discretion is limited, however, by 18 U.S.C. § 3584(a), which requires that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." See McCarthy v. Doe, 146 F.3d 118, 123 (2nd Cir. 1998) (holding that, although § 3621(b) grants broad discretion to the BOP to make a nunc pro tunc designation, "[w]here § 3854(a) applies, of course, the Bureau must follow the presumptions set out therein").

Here, the sentencing court did not expressly state whether Broyles' federal sentence should run consecutively or concurrently to the state sentence he was already serving. In the absence of an express designation, § 3584(a) directs the BOP to impose the federal sentence to run consecutive to Broyles' state sentence. Therefore, the BOP correctly denied Broyle's request for a nunc pro tunc designation and instead applied § 3584(a).

BROYLES v. DEBOO                                              1:11CV150

ORDER ADOPTING REPORT AND RECOMMENDATION

Broyles' contention that the sentencing court's recommendation for crediting time served should be construed as designating a concurrent sentence is without merit. On its face, the court's language merely "recommends credit for Federal Time served since his State Parole date of 1/2/08" and does not designate a concurrent sentence. (Dkt. No. 2-1 at 2). Importantly, even had the sentencing court intended to impose a concurrent sentence, it would not have ordered the sentence to run starting on January 2, 2008, nearly seven months before the sentencing date of July 30, 2008. See United States v. Labeille-Soto, 163 F.3d 93, 98-100 (2nd Cir. 1998) (holding that a federal sentence cannot commence earlier than the date on which it is imposed).

It is clear, therefore, that the sentencing court imposed a sentence to run consecutive to Broyles' state sentence with credit for time served in federal custody after he completed his state sentence. Because Broyles did not actually complete his state sentence until after sentencing, on November 12, 2008, the BOP properly determined that he had served no time in federal custody prior to that date and, thus, was not entitled to credit for time served.

**IV.**

For the reasons discussed, the Court:

1.   **ADOPTS** the R&R in its entirety (dkt. no. 22);

6

**BROYLES v. DEBOO**                                                    **1:11CV150**

ORDER ADOPTING REPORT AND RECOMMENDATION

    2.    **GRANTS** Deboo's Motion to Dismiss (dkt. no. 14);

    3.    **DENIES** Broyles' § 2241 petition (dkt. no. 1); and

    4.    **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> petitioner, certified mail, return receipt requested.

Dated: July 3, 2012

                        /s/ Irene M. Keeley
                        IRENE M. KEELEY
                        UNITED STATES DISTRICT JUDGE